**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIUS GILBERT O'NEAL, JR.** | ) | |
| | ) | |
| v. | ) | 3-07-CV-242-B |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Petitioner entered pleas of not guilty to the indictments in F-01-46422-LJ and F-01-46431-J and the State proceeded with presentation of its evidence to the empaneled petit jury. Before the prosecutor had completed her direct examination of the victim, O'Neal interrupted the proceedings. After the jury was excused and following a recess in the proceedings he entered guilty pleas to the indictments and the jury was instructed to return a guilty verdict in each case. Petitioner subsequently appeared before the trial judge and was sentenced to

concurrent terms of imprisonment of 40 years in F-01-46422-L and of 20 yeas in F-01-46431-J.

He appealed his convictions, which were affirmed by the El Paso Court of Appeals on December 2, 2004. His petitions for discretionary review were refused by the Texas Court of Criminal Appeals on April 20, 2005.

O'Neal filed two art. 11.07 applications in the trial court on May 10, 2005, attacking his concurrently served convictions, which were dismissed by the Texas Court of Criminal Appeals due to the pendency of his direct appeals. He filed two subsequent art. 11.07 applications which were denied by the Court of Criminal Appeals on December 13, 2006.

The present petition was filed on February 2, 2007, the date on which it was placed in the prison mail system. In response to the petition and this court's show cause order Respondent filed his answer and copies of the prior state proceedings. O'Neal's reply was filed on June 8, 2007.[1]

**Findings and Conclusions**: O'Neal's first four grounds for relief attack the validity of the grand jury's indictments. The essence of these claims is that the indictments were not obtained in compliance with O'Neal's interpretation of Texas state law. *See* memorandum filed in support of the petition at pages 11-33. Whether the procedures required by Texas law were followed in the grand jury's return of the indictments in Nos. F-01-46422-LJ and F-01-46431-LJ presents an issue of state law only. There is no federal constitutional requirement that a grand jury indictment be

---

[1]Petitioner's June 8, 2007, pleading is entitled "Complaint and Motion for Evidentiary Hearing and Motion for Appointment of Counsel and Reply to Respondent's Answer to Habeas Petition." (Emphasis added). To the extent that this pleading seeks to raise new issues, it does not comply with the terms of this court's show cause order filed on February 8, 2007 (Petitioner's Opportunity to Reply) or the court's order filed on April 10, 2007. For the reasons stated in this recommendation the additional requests in Petitioner's June 8th pleading are moot.

Petitioner's additional pleading filed on June 1, 2007, "Notice of Question of Jurisdiction, etc." is frivolous as a matter of law.

returned in a state felony offense proceeding in a state court. Specifically, the Fourteenth Amendment's due process clause does not impose the Fifth Amendment's grand jury indictment clause on the states. *Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 1226-27 (1972); *Brown v. Wainwright*, 576 F.2d 1148 (5th Cir. 1978); *Lanfranco v. Murray*, 313 F.3d 112, 118 (2nd Cir. 2002) (collecting cases). Accordingly, grounds one through four fail to allege cognizable claims for federal habeas corpus relief.

In his fifth ground for relief Petitioner alleges that his guilty pleas were involuntary as a matter of law. As with all constitutional rights afforded to a criminally accused person, the rights provided under the Fifth and Sixth Amendments may be waived. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569-70, 109 S.Ct. 757, 762 (1989); *see also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973) (a guilty plea waives all deprivations of constitutional rights which occurred prior to a guilty plea).

In his sixth ground Petitioner asserts that he was denied effective assistance of counsel; *see also* his memorandum at pages 42-48. In addressing this claim which he presented in his art. 11.07 applications No. WR-63,646-03 (attacking O'Neal's conviction in F-01-46431-J for the offense of sexual assault) and No. WR-63,646-04 (attacking O'Neal's conviction in No. F-01-46422-J for the offense of aggravated sexual assault),[2] the convicting trial court found that "counsel had full command of the facts and the law and that he fully represented Applicant at trial." *See* WR-63,646-03, Findings of Fact and Conclusions of Law, 115-121 at ¶ 9, 119-120; No. WR-63,643-04, Findings

---

[2]The separate applications attacking the two convictions are substantially identical in the claims asserted.

of Fact and Conclusions of Law at 022-28 at ¶ 9, 026-027. The Court of Criminal Appeals in turn denied each application on December 13, 2006, based on the trial court's findings without a hearing.

Under 28 U.S.C. § 2254 in order to be entitled to relief on this ground O'Neal must demonstrate that the state court's adjudication of his ineffective assistance of counsel claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. § 2254(d)(1)-(2).

The record shows that counsel had engaged in an investigation and determined that attacking the credibility of Petitioner's adopted fifteen year old daughter was the best available defense. *See* F-01-46431-J, F-01-46422-J, Reporter's Record, Vol. 4 at 13-14 in which the attorney referred to Dr. Sherry Rusk's report that the victim was very manipulative and dishonest; at 67-68 in which he reiterated the statements in cross-examining the victim's mother, Petitioner's ex-wife.[3] In his findings of fact in the habeas applications, the trial court found that a "no mental state" or a "no voluntary act" defense was unsupported by the record nor was the "medical care" defense proffered in Petitioner's art. 11.07 application. *E.g.* No. WR-63,646-04, at 026-27 ¶ 9. Finally, the trial court found that he was competent to enter guilty pleas to the charges and that the anti-depressant medication which Petitioner was taking did not render him incompetent. *Id.* at ¶ 7.[4]

---

[3] The attorney was prepared to call Dr. Rusk as a defense witness. The trial court provided the attorney with a redacted copy of a Protective and Regulatory Services' report which contained similar observations reported by Dr. Rusk. *See* Exhibit 7 to Exhibits filed with O'Neal's § 2254 petition.

[4] *See Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960).

Findings of fact made by a state court in collateral proceedings are entitled to a presumption of correctness and can only be rebutted by clear and convincing evidence to the contrary. §2254(e)(1). In the present case the record fully corroborates the state court's findings which precludes any possibility of rebutting the statutory presumption of correctness.[5]

The two-part test enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984), identifies the Federal law which applies to ineffective assistance of counsel claims. *See also Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999). When a state court has denied relief, federal habeas relief is barred unless the state court's decision is not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing cases). O'Neal has failed to discharge this burden imposed by this provision of the AEDPA and therefore is not entitled to relief on his sixth ground.

Petitioner's seventh and ninth grounds assert additional claims of ineffective assistance of counsel. His eighth ground alleges that his guilty pleas were coerced by his attorney. In his answer Respondent contends that these grounds are unexhausted and procedurally barred.

The state court records submitted by Respondent reflect that Petitioner filed two art. 11.07 applications on May 10, 2005, attacking his convictions. *See* No. WR 63,646-01 (attacking his conviction in F-01-46422-J) and No. WR 63,646-02 (attacking his conviction in F-01-46431-J). Both of these applications raised identical grounds for relief. The state district court filed identical

---

[5]The record establishes that after the victim witness had testified extensively concerning the sexual contacts in which she and Petitioner had engaged, Reporter's Record, Vol. 5 at 21, *et seq*, O'Neal stood and interrupted the proceedings, *Id.* at 31. After the jury was removed and following an extended break, his counsel announced that he wished to plead guilty in each case. *Id.* 33. Following the admission of his judicial confessions the jury was instructed to return verdicts of guilty.

5

findings in each, *e.g.* No. WR-63,646-01 at 0037-38. Specifically, the trial court found that the intermediate appellate court's mandate was not issued until June 30, 2005. Under Texas state law a conviction is not final until the mandate issues. *Ex parte Johnson*, 12 S.W.3d 472 (Tex.Crim.App. 2000). As a result the court found it lacked jurisdiction and recommended that the application be dismissed. Each application was dismissed by the Court of Criminal Appeals on January 11, 2006, citing art. 11.07 §§ 1 and 3 (a)-(b). Under the law of this circuit premature art. 11.07 applications filed by Texas state prisoners which are dismissed by the Court of Criminal Appeals do not satisfy the exhaustion requirement of 28 U.S.C. § 2254 (b)(1)(A). *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) applying the Supreme Court's construction of "properly filed application" (§ 2244(d)(2) set out in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361 (2000). Therefore, O'Neal's premature applications were not properly filed and failed to satisfy the exhaustion requirement imposed under § 2254(b)(1)(A).

Petitioner attempted to re-urge these claims in his later applications by reference to the dismissed applications. *See e.g.* No. WR-63,646-03, at 10-11, grounds seven, eight and nine. In addressing these grounds the trial court stated: "Applicant makes these allegations that refer back to the prior writ filed in this case. That writ was dismissed and these issues cannot be addressed in this writ. The prior writ is not before the court and cannot be reviewed. These allegations are without merit." *Id.* at 120.

The means by which a Texas state prisoner can exhaust state remedies are well-established. *See e.g. Richardson v. Procunier*, 762 F.3d 429, 431 (5th Cir. 1985). Art. 11.07 does not permit a prisoner to assert a claim by reference to or incorporation of a claim presented in a previous dismissed application. The Court of Criminal Appeals denied relief on Petitioner's latter two

6

applications on the finding of the trial court. *See e.g.* No. WR-63,646-03, at cover. As a result of his non-compliance with the requirements of art. 11.07 these claims "incorporated by reference" were not properly filed and remain unexhausted.

It is clear that were O'Neal to present these unexhausted claims in properly filed art. 11.07 applications, that they would be dismissed for abuse of the writ. *See* art. 11.07, § 4. Under such circumstances when a Texas prisoner cannot satisfy the exhaustion requirement, the Fifth Circuit has applied a procedural bar to merits review of such claims. *See e.g. Emery v. Johnson*, 139 F.3d 191, 194-196 (5th Cir. 1997); *Finley v. Johnson*, 243 F.3d 215, 219-220 (5th Cir. 2001). Accordingly, merits consideration of grounds seven, eight and nine is procedurally barred.

The remaining grounds, i.e. grounds ten through fourteen, purport to attack the penal statutes of the State of Texas and the legality and jurisdiction of its courts. Not only are those grounds patently frivolous, but O'Neal has failed to identify any decision of the United States Supreme Court

which addresses any of these claims.  *See* § 2254(d)(1).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 8th day of November, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.